*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re BJA, MAA, Minors.

UNPUBLISHED
August 24, 2023

No. 365239
Clinton Circuit Court
Family Division
LC No. 22-030903-AY
          22-030904-AY

Before: GADOLA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

The biological mother of two children and her husband petitioned the trial court to terminate respondent's parental rights, as the biological father of the two children, under the Michigan Adoption Code, MCL 710.21 *et seq*. The trial court terminated respondent's parental rights under MCL 710.51(6) because respondent had amassed arrearages in child-support payments and failed to visit or contact the children for a substantial period of time. We affirm.

Respondent and the biological mother divorced after having two children together, and respondent was ordered to pay $644 each month to the biological mother in child support as a result of that divorce. In the two years leading up to the petition in this case, however, respondent paid less than $5,000 in child-support payments, owed the biological mother between $46,000 and $52,000 in child-support payments, and had minimal contact with the children even though he lived "no more than eight miles" from them. Consequently, the trial court terminated respondent's parental rights to the children under MCL 710.51(6)(a) and (b).

Respondent now appeals.

"The petitioners in a stepparent adoption proceeding have the burden of proving by clear and convincing evidence that termination of the noncustodial parent's rights is warranted." *In re NRC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 362915); slip op at 2. Clear and convincing evidence must lead the trier of fact to "a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995) (cleaned up).

Respondent's parental rights were terminated under MCL 710.51(6), which reads in relevant part:

> (6) If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in section 39(2) of this chapter, and if a parent having custody of the child according to a court order subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:

> (a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition. A child support order stating that support is $0.00 or that support is reserved shall be treated in the same manner as if no support order has been entered.

> (b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition.

Under MCL 710.51(6)(a), a respondent must "substantially comply" with the child-support order by making "a considerable quantity of the payments required by the order," otherwise that respondent may have their parental rights terminated. *In re NRC*, ___ Mich App at __; slip op at 4-5. When determining whether the requirements of MCL 710.51(6)(b) have been satisfied, a petitioner only needs to establish that the respondent had the ability to perform any one of the three statutorily enumerated actions—visit, contact, or communicate with the children—but did not perform any of the actions. *In re Hill*, 221 Mich App 683, 694; 562 NW2d 254 (1997).

It is undisputed that respondent and the biological mother are divorced and that the biological mother's husband petitioned to adopt the two children. Further, there was clear and convincing evidence that respondent paid no more than 10% of his accumulated child-support arrearage and had, at best, minimal contact with the two children in the two years preceding this case. Therefore, the trial court did not clearly err when it found that respondent had not substantially complied with his court-ordered support obligations, MCL 710.51(6)(a), and that he had regularly failed or neglected to visit or communicate with the children even though he lived near them with the ability to visit or communicate, MCL 710.51(6)(b).

Respondent argues that the trial court erred because he had good cause to explain his lack of child-support payments as well as lack of visitation with the children. Respondent incorrectly cites to the Michigan Juvenile Code, MCL 712A.1 *et seq*, when arguing that petitioners needed to demonstrate that he failed to provide support or visitation without good cause. The trial court terminated respondent's parental rights under the Michigan Adoption Code, which does not have the same requirement regarding "good cause" as the Michigan Juvenile Code. Simply put, respondent's argument is misplaced and without merit.

Further, respondent argues that the trial court erred by not considering the best interests of the children when terminating his parental rights. Again, respondent incorrectly cites to the Michigan Juvenile Code which requires the trial court to consider the best interests of the children. Termination of parental rights under MCL 710.51(6) does not have any such requirement. See *In re Clausen*, 442 Mich 648, 677-678; 502 NW2d 649 (1993); *In re Hill*, 221 Mich App at 696.

The trial court did not err by not considering whether respondent had good cause and by not considering the best interests of the children.

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Kelly
/s/ Brock A. Swartzle